Filed 6/8/26  In re Jose H. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re JOSE H., a Person Coming Under Juvenile Court Law. | B345020 (Los Angeles County Super. Ct. No. IJ0945A) |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSE H.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Pamela Villanueva, Judge.  Affirmed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Maggie K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In the proceedings below, the juvenile court sustained a petition filed under Welfare and Institutions Code section 602, alleging defendant and appellant Jose H. violated Penal Code section 25400, subdivision (a)(2), which prohibits carrying concealed a "firearm capable of being concealed upon the person." In pertinent part, Penal Code section 16530 defines a "firearm capable of being concealed upon the person" as a firearm with a barrel less than 16 inches in length.

On appeal, Jose argues we must reverse because substantial evidence does not support a finding that the gun Jose was allegedly carrying had a barrel less than 16 inches in length. The Attorney General disagrees, contending footage from the arresting officer's body-worn camera that was played at the adjudication hearing demonstrates the length of the firearm's barrel was less than 16 inches.[1]  We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2024, the People filed a petition under Welfare and Institutions Code section 602 alleging that, in October 2024, when Jose was 17 years old, he violated Penal

_____

[1] In the People's initial brief, they agreed with Jose that substantial evidence did not support the finding.  Upon our request for further briefing, however, they withdrew their concession.

2

Code section 25400, subdivision (a)(2) by unlawfully carrying a concealed and unregistered firearm.  Jose entered a denial, and the court adjudicated the petition in January 2025.

Officer Marvin Pena testified that, on the night in question, he was driving in a marked police car on patrol with his partner when they saw a group of approximately 10 individuals in the middle of the street.  Pena's attention was drawn to Jose because "he was wearing a hoodie" and "the front . . . pocket [of the] hoodie had a heavy L-shaped object that resembled a firearm, weighing down his pocket."  Pena testified that no part of the object was "sticking out from the hoodie" and "the entirety of that heavy object in his hoodie was concealed within his jacket."

When Jose saw the police car driving toward him, he "got nervous," "turn[ed] his body away from our direction, so we won't see the front of him," and "tried to walk into one of the residences."  None of the other individuals walked with him.

Pena walked toward Jose and saw him duck down in front of a vehicle near the "front license plate area," then stand back up and walk toward Pena.  No one was near Jose when he ducked down and, after he stood back up, "he no longer had the heavy L-shaped object in his front hoodie pocket."  Pena detained Jose, looked under the vehicle, and discovered a "blue steel firearm."  A live round was chambered, and there were eight other rounds in the gun's magazine.  Pena arrested Jose.

While there was no testimony elicited regarding the length of the barrel of the firearm or the size of Jose's hoodie—or the hoodie's front pocket—during Pena's testimony, the district attorney played two minutes and nine seconds of footage from Pena's body-worn camera.  At one minute and thirty-nine seconds into the footage, Pena crouches down in front of a red car.  A few

3

seconds later, Pena is seen holding a pistol in his right hand, slightly below the standard-sized license plate on the red car. The length of the barrel of the pistol appears to be approximately the width (height) of the license plate and, in any case, does not exceed the license plate's length.[2]  In fact, the pistol does not appear to be much larger than Pena's fist.

Beginning at approximately one minute and fifty-five seconds in the footage, Pena's shadow is seen projected against a wooden, picket fence next to the car from which Pena retrieved the firearm.  It is apparent Pena is doing something with his hands.  When the district attorney asked him what he was doing at one minute and fifty-eight seconds in the footage, Pena testified he was "rendering the firearm safe."  At approximately two minutes and two seconds in the footage, Pena's shadow shows him using his right hand to put an object into his right back pocket.  The item he places in his right back pocket is not larger than 16 inches.  A second or so later, the shadow of Pena's left hand shows that any object he may be holding in his left hand, if he is holding anything at all, is less than 16 inches.

After both counsel argued,[3] the court found the petition true beyond a reasonable doubt and sustained it.  The court then transferred the case to San Bernardino County.[4]

---

[2] (Veh. Code, § 4852, subd. (a) ["License plates issued for motor vehicles, other than motorcycles, shall be rectangular in shape, 12 inches in length and six inches in width"].)

[3] Jose's counsel did not argue that insufficient evidence demonstrated the length of the pistol barrel was less than 16 inches.

[4] Jose's mother lived in Ontario, California.

In February 2025, after San Bernardino accepted the transfer, the Los Angeles Superior Court terminated jurisdiction. Nine days later, the San Bernardino Superior Court declared Jose a ward of the court, ordered him to "serve 17 days in custody at juvenile hall here in San Bernardino County with credits of 17 days" and "[s]erve 29 days in Los Angeles County juvenile hall with credits of 29 days, with the total credits of 46 days in custody with a release date of today's date with mother." The court ordered Jose to wear an ankle bracelet with GPS tracking, set a "GPS review date" for March 2025, and set a "non-appearance review" for February 2026.

Jose timely appealed.

## DISCUSSION

"A person is guilty of carrying a concealed firearm when the person does any of the following: [¶] . . . [¶] (2) Carries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person." (Pen. Code, § 25400, subd. (a).) A "firearm capable of being concealed upon the person" is defined to "include any device designed to be used as a weapon, from which is expelled a projectile by the force of any explosion, or other form of combustion, and that has a barrel less than 16 inches in length. These terms also include any device that has a barrel 16 inches or more in length which is designed to be interchanged with a barrel less than 16 inches in length." (Pen. Code, § 16530, subd. (a).)

Jose's only argument on appeal is that we must reverse the juvenile court's true finding because "no evidence established that that firearm had either 'a barrel less than 16 inches in length' or 'a barrel 16 inches or more in length which is designed to be interchanged with a barrel less than 16 inches in length.' "

We disagree. The footage from Pena's body-worn camera demonstrates the length of the pistol's barrel was: (1) not much larger than Pena's fist; (2) approximately the width—and less than the length—of a standard car license plate; and (3) short enough to fit in Pena's back pocket or short enough to be held in his left hand without creating its own shadow. On this record, substantial evidence supports the court's implicit finding that the length of the barrel of the pistol was less than 16 inches.

## DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

6